UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

H.D.V. - GREEKTOWN L.L.C., 415 EAST
CONGRESS, L.L.C., and K & P INC.,
f/d/b/a Deja Vu, d/b/a Zoo Bar,

        Plaintiffs,

                                    Case No. 06-11282
v.                                      Honorable Julian Abele Cook, Jr.

CITY OF DETROIT,

        Defendant.

ORDER

On March 28, 2006, the Plaintiffs, H.D.V. - Greektown, L.L.C., 415 East Congress, L.L.C., and K & P, Inc. ("K&P"),[1] filed a lawsuit in which they challenged the constitutionality of certain ordinances that had been imposed upon them by the Defendant, the City of Detroit ("City").

On January 30, 2007, the Plaintiffs filed a motion for the entry of a partial summary judgment wherein they collectively asked the Court to (1) determine that the adult-use provisions of the City's zoning ordinance are unconstitutional, (2) permanently enjoin the enforcement of these provisions by the City, and (3) declare their operation of an adult cabaret to be a lawful existing use. On August 6, 2007, the Court granted in part, and denied in part, the Plaintiffs' request, finding that the City of Detroit's adult-use zoning provisions are unconstitutional, but

---

[1] H.D.V. – Greektown, L.L.C., East Congress, L.L.C., and K & P, Inc. will collectively be referred to hereinafter as "Plaintiffs."

declined to grant their application for the issuance of an injunction which, if granted, would have barred its enforcement of these ordinances.

On February 14, 2008, the Court granted in part, and denied in part, the Plaintiffs' second motion for partial summary judgment. It was the opinion of the Court that, although the City's sign ordinances were facially constitutional, its failure to act on the Plaintiffs' application resulted in the enforcement of laws that were unconstitutional as applied to them.[2] As a result, the Court enjoined the City from preventing the Plaintiffs from erecting their signs.

An appeal to the Sixth Circuit Court of Appeals ("Sixth Circuit") followed. On June 12, 2009, the Sixth Circuit (1) reversed the decision by this Court to deny the Plaintiffs' request which, if granted, would have (a) prevented the City from enforcing the adult-use provisions of its zoning ordinances, and (b) declared K&P's business operation to be a lawful existing use; (2) remanded the case for "the entry of the [P]laintiffs' requested injunctive and declaratory relief regarding those provisions;" and (3) affirmed the directives by this Court with regard to the sign ordinances.[3] *See H.D.V. – Greektown, L.L.C. v. City of Detroit*, 568 F.3d 609, 612 (6th Cir. 2009).

Acting in accordance with the directives of the Sixth Circuit, the Court (1) grants the Plaintiffs' request to enjoin the City from enforcing the adult-use provisions of the zoning ordinances and (2) declares that K&P's operation of an adult cabaret is a lawful existing use.

---

[2]The Plaintiffs, believing that (1) the sign ordinances were facially unconstitutional - not just unconstitutional as applied to them - and (2) feeling aggrieved by the ruling of this Court, appealed the decision to the Sixth Circuit.

[3]Although the decision by this Court was affirmed, it was subsequently modified by the Sixth Circuit in order to allow the Plaintiffs' signs to display "whatever non-obscene business name they choose, as long as the signs otherwise conform with the most recent application on file regarding dimensions, lighting, and other characteristics governed by the sign ordinances." *H.D.V. – Greektown, L.L.C.*, 568 F.3d at 625.

IT IS SO ORDERED.

Dated: <u>August 12, 2009</u>     <u>S/Julian Abele Cook, Jr.</u>
      Detroit, Michigan     JULIAN ABELE COOK, JR.
           United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 12, 2009.

      <u>s/ Kay Doaks</u>
      Case Manager