UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


H.D.V. - GREEKTOWN, LLC, et al.,

        Plaintiffs,

v.                                                                   Case No. 06-11282
                                                                   Honorable Julian Abele Cook, Jr.

CITY OF DETROIT,

        Defendant.


## ORDER

This is a case in which the Plaintiffs, H.D.V. - Greektown, LLC ("HDV"), 415 East Congress, LLC ("415 East Congress"), K&P, Inc. ("K&P"), and four unnamed individuals, contend that the Defendant, the City of Detroit ("City"), infringed upon their constitutional rights in its enforcement of the zoning laws.[1] On September 8, 2010, the Court granted in part and denied in part the Plaintiffs' third motion for a partial summary judgment. The Plaintiffs' motion to alter or amend this order is now before the Court for its evaluation and decision.

I.

The Local Rules of the Eastern District of Michigan require a party, who seeks

---

[1] The factual and procedural background of this lawsuit, having been described in great detail in the order of September 8, 2010 (Docket No. 122 at 1-8), is incorporated by reference and, hence, it will not be repeated here.

1

reconsideration of an order, to (1) establish the existence of "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled;" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Furthermore, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.* Similarly, a court may grant a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) only if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). The Sixth Circuit has determined that the "palpable defect" standard for reconsideration under this Local Rule is consistent with the grounds for amending or altering a judgment under Federal Rule of Civil Procedure 59(e). *Henderson v. Walled Lake Consol. Sch.*, 463 F.3d 479  496 (6th Cir. 2006).

II.

In its September 8, 2010 order, the Court held that (1) the 2003 Procedures and Criteria Resolution ("2003 Resolution") was not a prior restraint on protected activities under the First Amendment because it did not regulate the content of expression by the Plaintiffs but rather acted upon those businesses which possessed liquor licenses; (2) the incidental burden on the expression imposed by the 2003 Resolution was unconstitutional under the intermediate scrutiny analysis as mandated by *United States v. O'Brien*, 391 U.S. 367 (1968), because the provisions were not sufficiently narrowly tailored to advance the City's stated interests; (3) the entry of a summary judgment was not warranted with respect to the Plaintiffs' contention that the City had violated their First Amendment rights when it denied HDV's transfer application because a genuine issue of a

2

material fact existed as to whether the denial was premised on the site's purported nonconforming use status or based upon an alleged pattern of drug offenses and other criminal conduct at the premises; (4) the City's retroactive application of the 2003 Resolution to HDV's previously filed transfer application did not violate the First Amendment because the Plaintiffs had no vested right to use any of the regulations in existence when the transfer application was filed; (5) the retroactive application of the 2003 Resolution by the City did not violate the Plaintiffs' substantive due process rights because, even if K&P had possessed a vested property interest in continuing its nonconforming use, HDV did not have a vested property interest in the transfer of K&P's liquor license and topless activity permit; (6) the 2003 Resolution violated the Plaintiffs' equal protection rights under an intermediate scrutiny analysis because it had not been narrowly tailored; (7) the City is not entitled to enforce the 2003 Resolution; and (8) injunctive relief, which directed the City to approve the transfer application, was warranted because the Plaintiffs' First Amendment rights had been irreparably harmed by its long delayed rejection of the transfer application on the basis of an unconstitutional regulation.

The Plaintiffs seek a reconsideration of this order because it contains "clear errors of law which, if allowed to stand, would result in a manifest injustice to [them] and confusion in regard to the remaining issues to be tried (hence, a potential change in the disposition of the case)." (Pls.' Br. in Supp. of Mot. to Alter or Amend at 1). It is their contention that the challenged order contains three distinct clear errors of law; namely: (1) its conclusion that the 2003 Resolution was not a prior restraint on First Amendment activity; (2) its denial of summary judgment with respect to the Plaintiffs' claim that the City's denial of HDV's transfer application was an unconstitutional act; and (3) its purported refusal to give full retroactive effect to its determinations that the 2003 Resolution

3

and the adult use provisions of the Detroit Zoning Ordinance are unconstitutional.

IV.

The Plaintiffs first argue that the Court committed clear error when it did not treat the 2003 Resolution as a prior restraint. In making this argument, they advanced the same arguments that had been previously raised - and rejected by the Court - in their motion for the entry of a summary judgment and subsequent reply to the City's response. The Plaintiffs, in citing *G&V Lounge, Inc. v. Michigan Liquor Control Commission*, 23 F.3d 1071 (6th Cir. 1994), and *Bronco's Entertainment, Ltd. v. Charter Township of Van Buren*, 421 F.3d 440, 450 (6th Cir. 2005), submit that the Sixth Circuit has already declared 21the policy of deference to local government, as found in § 916 of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1916, to be a prior restraint. Building upon this premise, they argue that, inasmuch as (1) the 2003 Resolution is the mechanism for administering the local control provision of § 916, and (2) the City concedes that the 2003 Resolution lacked the procedural safeguards which would be required if it had been a prior restraint, it must be declared to be an unconstitutional prior restraint.

As an initial matter, the Court notes that - contrary to the Plaintiffs' contention - the cases which have been cited by them do not hold that § 916 is a prior restraint. In *G&V Lounge*, the Sixth Circuit Court of Appeals ("Sixth Circuit") concluded that the plaintiff's allegation (i.e., the combined effect of § 916 and a challenged local ordinance constituted a prior restraint) was a sufficient basis upon which to allege a concrete and particularized injury in fact for the purposes of establishing standing. 23 F.3d at 1074-75. Thus, the court did not analyze whether - and, thus, did not hold that - these laws did, in fact, create a prior restraint. Rather, the Sixth Circuit noted that the plaintiff's allegation that a prior restraint had occurred was sufficient to confer standing. Similarly,

4

in *Bronco's Entertainment*, the court did not hold that § 916 was a prior restraint, expressly stating that the question was not before it. On the other hand, the court noted, in dicta, that "[i]n circumstances other than those presented here, the absence of standards and time limits might warrant a judicial determination that the statute is an unconstitutional prior restraint." *Bronco's Entertainment*, 421 F.3d at 450.

The crux of the disagreement relating to this issue before the Court is whether the 2003 Resolution regulates expression (as the Plaintiffs contend) or if it is a regulation of liquor (as the Court, in concurring with the City, has concluded). Although a licensing regulation which conditions expression upon the prior approval of government officials is a prior restraint, a regularized plan that conditions the inclusion of liquor on such an approval clearly is not. On its face, § 916 - as enforced by the 2003 Resolution - does not require that a permit be obtained before presenting topless entertainment. On the other hand, it does require anyone who desires to serve liquor while presenting topless entertainment to obtain an activity permit through the Michigan Liquor Control Commission. Under these circumstances, the Plaintiffs would be entitled to offer topless entertainment without first obtaining a permit as long as alcohol is not served. It thus appears that it is liquor, and not expression, that triggers the permit requirement.[2]

---

[2] The Court is aware that other districts have concluded that similar schemes that require liquor-licensed establishments to apply for entertainment permits are prior restraints. *E.g.*, *Metropolis of Conn., LLC v. Fleming*, No. CIV. A. 301CV670CFD, 2002 WL 1359688, at *5 (D. Conn. June 18, 2002); *Jersey's All-Am. Sports Bar, Inc. v. Wash. State Liquor Control Bd.*, 55 F. Supp. 2d 1131, 1137 (W.D. Wash. 1999). *But see ABCDE Operating, LLC v. City of Detroit*, No. 08-CV-14908, 2009 WL 2922879, at *3-4 (E.D. Mich. Sept. 9, 2009) (temporary moratorium on transfer of § 916 activity permits should be scrutinized under time, place, and manner rather than prior restraint analysis). However, because the Court has not found - and the Plaintiffs have not presented - any controlling authority directly on point, it does not agree with the Plaintiffs' contention that the contrary conclusion by the Court is a "clear error" or "palpable defect."

In light of the foregoing, the Court concludes that the Plaintiffs have not raised any "palpable defect" by which the Court, in its prior order, was misled, as required by E.D. Mich. LR 7.1(h)(3). On the contrary, the Plaintiffs' prior restraint analysis simply restates the same arguments that were raised by them in their third motion for partial summary judgment and ultimately rejected by the Court. Thus, the Court will deny the Plaintiffs' motion insofar as they request the Court to hold that the 2003 Resolution constitutes an unconstitutional prior restraint on First Amendment Activity.

V.

The Plaintiffs next argue that the Court committed clear error when it held that the denial by the City of HDV's transfer application in 2006 was an unconstitutional act. In the earlier order, the Court determined that the Plaintiffs' request for the entry of a summary judgment was not warranted on this claim because a genuine issue of a material fact existed with respect to whether the City had based its denial on the nonconforming nature of K&P's use of the premises or on an alleged pattern of criminal conduct at the premises.

The Plaintiffs contend that this conclusion is clear error because the Sixth Circuit - in an appeal of an earlier ruling of this Court with respect to their first and second motions for partial summary judgment - held that the City's rationale for denying the transfer application was its nonconforming use status. Thus, in the Plaintiffs' view, this Court is precluded from reaching a different factual determination under "the law of the case" doctrine. Because the provisions of the zoning ordinance under which K&P's status was declared to be nonconforming had been already declared to be unconstitutional, the Plaintiffs assert that giving this ruling full retroactive effect mandates the conclusion that a denial of the transfer was itself an unconstitutional act.

Moreover, the Plaintiffs contend, even if the City's challenged decision had been motivated

6

by alleged misconduct, the denial of the transfer would still be unconstitutional. In making this argument, they note that (1) the alleged misconduct occurred three years after HDV's transfer application was ripe for decision; (2) any claimed misconduct would have been committed by K&P, and thus could not serve as a logical basis to prevent the license from being transferred to HDV; and (3) a denial based on alleged violations would still require an application of the 2003 Resolution criteria that this Court has already declared unconstitutional. It is to this third point that the Plaintiffs' remaining argument appears to relate; namely, that the Court committed clear error when it failed to give full retroactive effect to its holding that the 2003 Resolution is unconstitutional.

The Court, upon further reflection, now concludes that the Plaintiffs are correct when they argue that the City's application of unconstitutional procedures upon which to base its denial of the transfer application was, in fact, an unconstitutional act. The Court has reached this conclusion because either of the proffered justifications for the denial requires the application of an unconstitutional scheme. Such a denial could not be constitutionally premised on K&P's nonconforming use status because it was based on an unconstitutional zoning ordinance. Alternatively, if the denial was premised on K&P's alleged misconduct, this decision suffers from the same constitutional infirmities as the 2003 Resolution that allows consideration of that conduct. Specifically, the decision would have been premised on the provisions within the 2003 Resolution that would (1) deny a transfer application based on unresolved (and, thus, unproven) violations, but not established violations; and (2) require a permit to remain with a proprietor with a record of violations rather than allowing transfer of the permit to a proprietor with no such record. The Court has previously determined that the 2003 Resolution was unconstitutional in part because the illogic of these provisions demonstrated that they were not narrowly tailored to the furtherance of the City's

7

legitimate interests. Yet, it is only by consideration of these same provisions that the City's second purported justification for its denial became relevant. As such, it is immaterial which of the City's proffered justifications motivated the rejection of HDV's transfer application - because, in either case, the Plaintiffs' First Amendment rights were denied on the basis of an unconstitutional scheme.

In light of the foregoing, the Court (1) denies the Plaintiffs' request to amend its September 8, 2010 order which would declare the 2003 Resolution to be a prior restraint, and (2) grants the Plaintiffs' request to modify the order of September 8, 2010 that would declare the City's denial of HDV's transfer application in 2006 to be an unconstitutional act.

IT IS SO ORDERED.

Dated: November 18, 2010　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 18, 2010.

　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　Case Manager