UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

H.D.V. - GREEKTOWN, L. L. C., ET AL.,           Case No. 06-11282

        Plaintiffs,                                    SENIOR U.S. DISTRICT JUDGE
                                                ARTHUR J. TARNOW
  v.

DETROIT, CITY OF, ET AL.,                       U.S. MAGISTRATE JUDGE
                                                R. STEVEN WHALEN

        Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [162],
OVERRULING PLAINTIFFS' OBJECTION [164], AND GRANTING IN
PART PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS [148]**

      Before the Court is a Report and Recommendation ("R&R") [162] entered on May 23, 2013, recommending granting in part Plaintiffs' Motion for Attorney Fees and Costs [148], and awarding $385,401.12 in fees and costs to Plaintiff counsel for prevailing in the underlying action. Plaintiffs timely filed an Objection [164] and Defendants filed a Response [167]. On August 23, 2013 the Court stayed the Motion for Attorney Fees and Costs [148] because the municipal Defendant had filed for Chapter 9 bankruptcy on July 18, 2013. In December, 2014, the municipal Defendant emerged from bankruptcy; accordingly, the Court will now issue its ruling on Plaintiffs' Motion for Attorney Fees and Costs [148]. For the reasons that follow, Plaintiffs' Motion for Attorney Fees and Costs [148] is GRANTED and Plaintiff counsel is awarded $372,118.19 in fees and $13,282.93 in costs.

## BACKGROUND

Plaintiffs obtained a $2,950,000 settlement in this § 1983 action. Plaintiffs are closely held Michigan limited liability companies in the adult entertainment business. They alleged that Defendants violated mainly their First Amendment rights by hindering the operation of their business with regulations. The parties stipulated that the Court would decide the issue of attorney fees pursuant to 42 U.S.C. § 1988 and that Plaintiffs were the prevailing parties for the purpose of determining fees and costs.

## STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R&R [162] to which objections have been filed. 28 U.S.C. § 636(b)(1); FRCP 72(b). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

## ANALYSIS

Plaintiff counsel seeks $1,532,640.61 in fees and costs. Defendants concede that Plaintiff counsel is entitled to some fees, but argue that the amount the R&R [162] recommends—$385,401.12—is reasonable.

"The primary concern in an attorney fee case is that the fee awarded be reasonable," one that is adequate to attract competent counsel, but does not yield a windfall for lawyers. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The Court

begins by determining the fee applicant's lodestar, which is the proven number of hours *reasonably* expended on the case by an attorney, multiplied by her court-ascertained reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (emphasis added).

The R&R [162] calculates the lodestar using the hourly rates proposed by Plaintiff counsel themselves. The hourly rates were $350, $250, and $200 for Attorneys Shafer, Pritzlaff, and Hoffer respectively. The R&R [162] concludes, however, that the total number of hours Plaintiff counsel claims to have expended is not reasonable. The reasons the R&R [162] found the number of hours to be unreasonable is two-fold. First, the Magistrate concluded that certain hours are not compensable here. Second, the remaining time spent on the case was excessive. Ultimately, the R&R [162] recommends a total fee-and-costs award of $385,401.12. The Court agrees that $385,401.12 is a reasonable award in this case.

**Objection One: Sixty Percent Reduction in Fees**

Plaintiffs object to the R&R's recommendation that the Court reduce the lodestar by sixty percent. The Magistrate's approach of making a flat percentage cut to attorney fees was well within methods accepted by United States Courts to avoid turning attorney-fee requests into a "second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983).

Plaintiffs' time sheets for fees are 113 pages long. Plaintiff counsel requests fees for things like communicating with the media, participating in administrative proceedings, watching the evening news, and for work related to the Jane Roe Plaintiffs who were voluntarily dismissed and received no legal relief from this action. Plaintiff counsel requests $56,795 for preparation of its own fee Motion [148] and $21,980 for preparation of the Reply [155] alone.

"The purpose of § 1988 is to ensure 'effective access to the judicial process for persons with civil rights grievances.'" HR REP. NO. 94-1558, p. 1 (1976). That fundamental purpose of § 1988 is hardly relevant, let alone compelling here. Plaintiffs are closely held, extraordinarily profitable companies whose access to the judicial and political processes is far greater than most citizens, as demonstrated by the very background of this case. Further removing this Motion [148] from the congressionally intended purpose of § 1988, is the nature of Plaintiffs' grievance in this case—they pursued the least constitutionally important type of First Amendment right. *Kiser v. Reitz*, 765 F.3d 601, 607 (6th Cir. 2014) (holding that advertisements and other commercial speech enjoy less rigorous First Amendment protection than other forms of expression).

Plaintiffs spared no expense protecting their right to utilize the First Amendment to seek pecuniary gain. "While parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys . . . they may not

foist these extravagances upon their unsuccessful adversaries." *King World Productions, Inc. v. Financial News Network, Inc.*, 674 F. Supp. 438, 440 (S.D.N.Y. 1987). The Court is not required to engage in a line by line analysis of Plaintiff counsel's 113 pages of fee requests. In light of the indiscriminate approach counsel took to its fee petition and the tangential relationship compelling civil rights have to this case, the Court finds the R&R's [162] sixty percent reduction recommendation in the lodestar is warranted. This yields a preliminary award of $361,279.80 before accounting for Plaintiffs' fee request for preparing its own Fee Motion [148].

**Objection Two: Sixty Percent Reduction in Costs**

Plaintiffs object to the R&R's recommendation that their allowable[1] claimed costs—totaling $33,207.34—should be reduced by sixty percent. Plaintiffs assert that the R&R double dips its reduction because Defendants requested a 50% reduction in attorney hour travel time and the R&R recommends a 60% reduction in travel costs. The award amounts recommended in the R&R [162] reveal that Plaintiffs' double-dip argument is incorrect. Rather, the Magistrate simply did not grant Defendants' piecemeal reduction request and implemented an across-the-board reduction without multiplying the reductions. The R&R [162] recommends a cost award of $13,282.93, which is a 60% reduction from Plaintiffs' allowable requested costs ($33,207.34).

---

[1] Plaintiffs apparently concede in their Objection [164] that the $164,921.49 in expert witness fees they attempted to recover in their Motion [148] are not allowable as a matter of law in an action under § 1983.

Plaintiffs also argue that the Magistrate cannot recommend reducing costs because they were actually incurred. As the R&R [162] states, it is the reasonableness of costs that is at issue. Just as the attorneys may have expended all of the hours claimed, it was not reasonable to expend so many hours in this case. Similarly, although the claimed costs may have actually been incurred, it was not reasonable to incur them. There is no reason, therefore, that the reduction for the unreasonable attorney fees should not be commensurate with the reduction for the unreasonable costs. A sixty percent reduction is warranted and Plaintiffs are awarded costs in the amount of $13,282.93.

**Objection Three: The Jane Roe Plaintiffs**

Plaintiffs object to the R&R's recommendation that they are not entitled to an award of fees for their work on behalf of the Jane Roe Plaintiffs in this action. Plaintiff counsel argues this is true because the Jane Roe Plaintiffs were voluntarily dismissed after the Court entered the consent decree stipulating that Plaintiffs are the prevailing party in this action. That claim is patently false. The Consent Decree [145] was entered on August 23, 2011. The Jane Roe Plaintiffs were dismissed by Stipulation [144] twelve days earlier on August 9, 2011. The dismissal of the Jane Roes—the anonymous Plaintiffs whose speech undergirded the named Plaintiffs' First Amendment claims—before the Consent Decree [145] ensured that they received no relief from the $2,950,000 award "by issuance of a check made payable to 'H.D.V.-

Greektown, LLC, 415 East Congress, LLC, K&P, Inc., and Shafer and Associates, P.C., their attorneys."

**Objection Four: Ancillary Proceedings**

*The 2003 Initial Action*

Plaintiffs object to the R&R's recommendation that they are not entitled to an award of fees for their work related to *H.D.V.-Greektown, L.L.C., et al, v. City of Detroit*, No. 03-74887. The Order [14] dismissing the 2003 action by stipulation states "all claims in this action are dismissed without prejudice and without costs or an award of attorneys fees to any party." As explained at length in the R&R [162], the placement of the phrase "without prejudice" in that sentence indicates that the substantive claims were dismissed without prejudice, but any claims for costs or fees were dismissed with prejudice. Plaintiffs are not entitled to collect fees or costs related to the 2003 action.

*The Board of Zoning Appeals Proceedings*

The R&R concluded that Plaintiffs are not entitled for their work before the Board of Zoning Appeals ("BZA") because that work related to the claims in the 2003 action exclusively and, therefore, the fees are excluded for the same reason elaborated in the previous paragraph. Plaintiffs assert, without supporting, that their work at the BZA proceedings in 2004 gave rise to the bulk of their damage claims for lost business in this case in 2006. The work on the BZA proceedings was mostly

defending tickets issued to Plaintiffs for violations of Condition 18, which was the subject of the 2003 action. Consequently, the Court will not award fees for hours spent on the BZA proceedings.

*The Conyers/Riddle Criminal Proceedings*

Plaintiffs object to the R&R's recommendation that they are not entitled to an award of fees for their work related to the Monica Conyers and Sam Riddle criminal proceedings. During the government's investigation, Plaintiffs' client Joe Hall received a grand jury subpoena. Plaintiffs now seek fees for their work in relation to preparing for Hall's appearance before the grand jury. Although Plaintiffs argue that that criminal case was the sole basis for the submission of their Second Amended Complaint [84], the fact remains that the guilt or innocence of Conyers or Riddle in the criminal case did not dictate the result in this case. Plaintiffs object that the criminal proceedings had *res judicata* and collateral estoppel consequences to their claims in this action. That claim is unpersuasive as Plaintiffs could never be equitably barred from bringing claims as a result of a criminal action prosecuted by the federal government.

**Objection Five: Fee Enhancement**

Plaintiffs object to the R&R's recommendation that they are not entitled to a ten percent fee enhancement under *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010). A *Perdue* enhancement is impermissible except in "rare and exceptional

circumstances" and the party seeking the enhancement bears the burden of proving the enhancement is warranted with specific evidence that the lodestar fee would not have been adequate to attract competent counsel. *Id*. at 554. Plaintiff counsel has failed to prove that the lodestar would be inadequate to attract competent counsel for a First Amendment case, given that the lodestar was calculated with a rate that falls above the 75th percentile of fees charged by civil rights lawyers.

**Objection Six: Fees Related to the Attorney Fee Motion**

Plaintiffs object to the R&R's recommendation that their claimed fees for bringing their Motion for Fees and Costs [148] are excessive. In cases that result in settlement, the hours expended to prepare a fee petition should not exceed three percent of the total award for attorney hours in the underlying case. *Coulter v. State of Tennesee*, 805 F.2d 146, 151 (6th Cir. 1986). Since the Court has awarded $361,279.80 in attorney fees, an additional $10,838.39—three percent of the underlying award—is what is allowable for preparation of the fee petition.

For the foregoing reasons, the Court **HEREBY ADOPTS** the R&R [162]. Accordingly,

**IT IS ORDERED** Plaintiffs' Motion for Attorney Fees and Costs [148] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff Counsel is awarded $372,118.19 in attorney fees.

**IT IS FURTHER ORDERED** that Plaintiff Counsel is awarded $13,282.93 in costs.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection [164] is **OVERRULED**.

**SO ORDERED**.

Dated: March 31, 2015

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR U.S. DISTRICT JUDGE