UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

H.D.V. - GREEKTOWN, L.L.C., ET AL.,

    Plaintiffs,

v.

CITY OF DETROIT,

    Defendant.

_____/

Case No. 06-11282

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION [179];
OVERRULING PLAINTIFFS' OBJECTION [181]; GRANTING IN PART PLAINTIFFS'
SECOND MOTION FOR ATTORNEY'S FEES [174]**

Plaintiffs H.D.V. - Greektown, 415 East Congress, and K&P Inc. filed a Second Supplemental Motion for Attorney's Fees and Costs [174] on September 20, 2016. Defendant City of Detroit filed a Response [176] on October 4, 2016. Plaintiffs filed a Reply [178] on October 18, 2016.

On September 28, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") [179] recommending that the Court grant in part and deny in part Plaintiffs' Motion. The R&R further recommends that the Court award Plaintiffs' counsel a total of $905,718.56, subject to the orders of the Bankruptcy Court. [Dkt. #180].

For the reasons stated below, the R&R [179] is **ADOPTED in part**; Plaintiffs' Objection [181] is **OVERRULED**; and Plaintiffs' Second Motion for Attorney's Fees [174] is **GRANTED in part and DENIED in part**.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs, closely-held Michigan limited liability companies in the adult entertainment business, alleged that Defendant violated their First Amendment rights by hindering the operation of their businesses with regulations.

On August 23, 2011, Plaintiffs obtained a $2.95 million settlement in this § 1983 action. The parties stipulated that the Court would decide the issue of attorney fees pursuant to 42 U.S.C. § 1988 and that Plaintiffs were prevailing parties for purposes of determining such fees and costs.

On October 4, 2011, Plaintiffs filed their first Motion for Attorney Fees and Costs [148], in which they sought over $1.5 million. On May 23, 2016, the Magistrate Judge issued an R&R [162] recommending that the Court grant in part and deny in part Plaintiffs' Motion. Specifically, the R&R recommended that the Court reduce Plaintiffs' request for attorney fees by 60%. The R&R [162] further recommended that the Court decline to grant a fee enhancement, and impose a 3% cap on the fees incurred litigating the attorney fee issue ("fees for fees"). On March 31, 2015, the Court issued an Order [169] adopting the R&R and overruling Plaintiffs' objections.

Plaintiffs filed a Notice of Appeal [170] on April 20, 2015. On appeal, the Sixth Circuit affirmed in part, reversed in part, and remanded to the district court. *H.D.V. - Greektown, LLC v. City of Detroit*, 660 F. App'x 375, 378 (6th Cir. 2016). The Sixth Court held, *inter alia*, that the district court abused its discretion when it failed to adequately explain why a 60% reduction was appropriate. *Id.* at 385. The Court further held that the award must be recalculated in light of the Sixth Circuit's decision in *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 720 (6th Cir. 2016).[1] *Id.* at 387.

In their Second Supplemental Motion for Attorney's Fees and Costs [174], Plaintiffs argue that they are entitled to additional attorney fees and costs, such as costs related to appellate litigation. Plaintiffs further argue that they are entitled to a substantial fee enhancement because of the City of Detroit's bankruptcy status.

In its Response [176], Defendant does not contest Plaintiffs' right to recover the additional attorney fees and costs associated with the appeal. Moreover, Defendant concedes that Plaintiffs' hourly rates are reasonable. *Id.* at 11. Although Defendant maintains that the total amount Plaintiffs seek is excessive, Defendant nevertheless waives any objections contesting the total time incurred by counsel in preparing the instant Motion. However, Defendant argues that Plaintiffs are neither

---

[1] In *Husted*, the Sixth Circuit abrogated *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986) to the extent that *Coulter* imposed a 3% cap on "fees for fees."

entitled to bill in quarter-hour increments for all tasks, nor entitled to an enhancement of fees.

The R&R [179] recommends that the Court grant in part and deny in part Plaintiffs' Motion [174]. In particular, the R&R: accepts Plaintiffs' claimed hourly rates in computing the lodestar as reasonable (Section III-A); accepts Plaintiffs' "fees for fees" award request as reasonable (Section III-B); recommends an 80% reduction to certain fees and a 10% reduction to remaining fees (Section III-C); recommends awarding costs associated with the appeal, but reducing quarter-hour billing to one-tenth hour billing (Section III-D); and recommends denying Plaintiffs' request for a fee enhancement (Section III-D).[2]

On October 12, 2017, Plaintiffs filed an Objection [181] to the R&R. Plaintiffs solely object to Section III-E, which recommends that the Court decline to impose a fee enhancement.

## STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

---

[2] It appears as though the R&R's use of the letter "D" in the header of the "Request for Fee Enhancement" section was done in error. [Dkt. #179 at 17]. The Court notes that the letter "E" is appropriate for this section. Hereinafter, the Court refers to "D. Request for Fee Enhancement" as "Section III-E."

## ANALYSIS

### I. Sections III-A, III-B, and III-D

First, with respect to Section III-A, Defendant does not contest the reasonableness of Plaintiffs' hourly rates. Accordingly, the Court adopts the R&R's finding that the hourly rates claimed by Plaintiffs in computing the lodestar are reasonable.

Second, with respect to Section III-B, Plaintiffs do not object to the R&R's application of *Husted* and recommendation to award nearly the entire "fees for fees" amount requested. Plaintiffs similarly do not object to the R&R's Section III-D recommendation to bill certain hours in one-tenth hour increments, instead of Plaintiffs' proposed quarter-hour increments. Therefore, the Court adopts Sections III-B and III-D of the R&R. *See Erard v. Johnson*, 905 F. Supp. 2d 782, 789 (E.D. Mich. 2012) (noting that "[w]ith respect to portions of an R & R that no party has objected to, the Court need not undertake any review at all.")

### II. Section III-C

Plaintiffs do not object to the R&R's Section III-C recommendation to reduce attorney fees attributed to the BZA and Roe Plaintiffs by 80% and remaining attorney fees by 10%. The Court adopts this Section's conclusion, but declines to adopt a portion of the analysis, and offers further clarification to support its ruling to reduce the remaining fees by 10%.

The district court should exclude from its fee calculation hours that were not "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "There is no precise formula for making these determinations . . . . [and] the district court has discretion in determining the amount of the fee award." *Id.* at 437.

The R&R properly notes that it is the duty of this Court to determine whether the number of hours expended was reasonable. However, the Court finds superfluous the R&R's passage on Plaintiffs' alleged misunderstanding of the concept of reasonableness. Accordingly, the Court declines to adopt this portion of the R&R [179].[3]

Nevertheless, the Court (and Plaintiffs) agree that a 10% reduction of the remaining fees is warranted in this case. The Court adopts the R&R's findings that counsel's initial claims for clearly non-compensable work such as the criminal proceedings, and tangential activity such as communication with the media and watching television, cast doubt on the entire petition, and thereby warrant a modest reduction. *See Ky. Rest. Concepts Inc. v. City of Louisville*, 117 F. App'x 415, 419 (6th Cir. 2004) (noting that "[a] 10% reduction is a 'modest amount.'"); *see also Barachkov v. Davis*, 2013 WL 2149104, at *5 (E.D. Mich. May 16, 2013) (holding that a "modest fee reduction is warranted based on redundant and otherwise unnecessary billings submitted by Plaintiffs.").

---

[3] The Court refers specifically to the passage on pp. 11-13 of the R&R [179] which repeats verbatim the analysis set forth in the previous R&R [162].

Additionally, the Court adopts the R&R's finding that the "surplus time" Plaintiffs spent preparing the case further justifies a reduction in the award. *See Ky. Rest. Concepts*, 117 F. App'x at 419 (affirming the district court's consideration of the fact that the "amount of overall attorney time [was] excessive" in reducing the fee award).

Finally, the Court agrees with the R&R that a 10% reduction (as opposed to a larger percentage) is appropriate here. This is mainly because counsel has already suffered an 80% deduction in fees for the BZA and Roe Plaintiffs, and an elimination of fees for the 2003 case and criminal proceeding, notwithstanding counsel's diligent work and zealous advocacy on the bulk of the case. Thus, the Court adopts in part Section III-C.

### III. Section III-E and Plaintiffs' Objection

Plaintiffs' Objection [181] states: "A municipal chapter 9 bankruptcy is a 'rare and exceptional circumstance' justifying the award of enhanced attorney's fees."

On November 12, 2014, the Bankruptcy Court issued an order confirming the City's bankruptcy plan ("the plan"). Defendant City of Detroit maintains that the plan provides, *inter alia*, that the City pay debts such as attorney fees at $.10 to $.13 on the dollar, over a thirty-year period. Because of the plan's potential to prolong payment of attorney fees, Plaintiffs argue that an enhancement of 1000%

Additionally, the Court adopts the R&R's finding that the "surplus time" Plaintiffs spent preparing the case further justifies a reduction in the award. *See Ky. Rest. Concepts*, 117 F. App'x at 419 (affirming the district court's consideration of the fact that the "amount of overall attorney time [was] excessive" in reducing the fee award).

Finally, the Court agrees with the R&R that a 10% reduction (as opposed to a larger percentage) is appropriate here. This is mainly because counsel has already suffered an 80% deduction in fees for the BZA and Roe Plaintiffs, and an elimination of fees for the 2003 case and criminal proceeding, notwithstanding counsel's diligent work and zealous advocacy on the bulk of the case. Thus, the Court adopts in part Section III-C.

### III. Section III-E and Plaintiffs' Objection

Plaintiffs' Objection [181] states: "A municipal chapter 9 bankruptcy is a 'rare and exceptional circumstance' justifying the award of enhanced attorney's fees."

On November 12, 2014, the Bankruptcy Court issued an order confirming the City's bankruptcy plan ("the plan"). Defendant City of Detroit maintains that the plan provides, *inter alia*, that the City pay debts such as attorney fees at $.10 to $.13 on the dollar, over a thirty-year period. Because of the plan's potential to prolong payment of attorney fees, Plaintiffs argue that an enhancement of 1000%

is necessary to make them "whole" and to ensure adequate representation of plaintiffs with meritorious civil rights claims.

The district court may award a fee enhancement in "rare and exceptional circumstances." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). Plaintiffs bear the burden of proving that an enhancement is necessary. *Id.* at 553. Plaintiffs must show that ". . . the lodestar fee would not have been adequate to attract competent counsel." *Id.* at 554.

Extraordinary circumstances that warrant fee enhancement include situations in which:

> [1] The method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value . . . .
>
> [2] the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted . . . . [and]
>
> [3] [the] attorney's performance involves exceptional delay in the payment of fees.

*Id.* at 554-56.

Plaintiffs submit that the lodestar does not adequately take into account the ninety percent reduction of their attorney fee award due to the City's bankruptcy filing. Plaintiffs further submit that the fact that they may not receive payment for thirty years demonstrates an exceptional delay in the payment of fees. Finally,

Plaintiffs maintain that capable attorneys will decline to represent meritorious civil rights claimants if their work is not fully compensated.

Plaintiffs have not demonstrated that "rare and exceptional circumstances," as envisioned by *Purdue*, exist in this case. As the Magistrate Judge explained: "There is nothing essential about this case that differentiates it from any other fee petition or award where the City of Detroit was the defendant." [Dkt. #179 at 17]. Plaintiffs have provided no evidence to support their assertion that the lodestar fee is inadequate to attract competent counsel practicing in the City. Surely, there has not been a significant reduction in the filings of civil rights actions against the City since the Bankruptcy Court issued its order in November 2014.[4]

Furthermore, although Plaintiffs may face an exceptional delay in the payment of fees, the delay was not "unjustifiably caused by the defense." *See Purdue*, 559 U.S. at 556 (explaining that fee enhancement may be appropriate particularly where the defense unjustifiably causes the delay). The R&R appropriately characterizes Plaintiffs' Objection as a request to modify the Bankruptcy Court's final order. The Court cannot, and will not, grant Plaintiffs' sweeping request. *See In re City of Detroit*, No. 13-53846, 2015 WL 603888, at *3 (Bankr. E.D. Mich. Feb. 12, 2015) (noting that 11 U.S.C. § 943 authorizes

---

[4] In fact, the Court's review of CM/ECF reveals that more civil rights actions were instituted in 2017 than in 2013. The Court notes that of the cases docketed under the nature of suit code "440 Civil Rights: Other," 346 cases were filed in 2013, while 355 cases were filed in 2017.

bankruptcy courts to "monitor the payment of fees and the reimbursement of expenses in or in connection with a chapter 9 case . . . ."). As the R&R explains, "the nature of bankruptcy . . . is not a 'rare and exceptional' circumstance as envisioned by *Perdue*." Accordingly, the Court overrules Plaintiffs' Objection and adopts Section III-E of the R&R.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the R&R [179] is **ADOPTED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' Objection [181] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Second Supplemental Motion for Attorney's Fees and Costs [174] is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel is awarded a total of **$905,718.65** in attorney fees and costs, subject to the orders of the Bankruptcy Court in the City of Detroit municipal bankruptcy case.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: January 25, 2018   Senior United States District Judge